IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| PAUL ADKINS, | ) | Civil Action No. 4:07-1735-HFF-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| DONALD BAUKNECHT, WARDEN | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Paul Adkins ("petitioner/Adkins"), is an inmate in the custody of the Federal Bureau of Prisons currently housed at FCI Williamsburg. Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on June 22, 2007. Respondent filed a return and motion to dismiss or in the alternative, for summary judgment on September 17, 2007, along with supporting memorandum. As matters outside of the pleadings were presented, the undersigned will treat the motion as one for summary judgment. The undersigned issued an order filed September 18, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion to dismiss/summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on October 22, 2007. (Document # 19).

**I. HISTORY/ARGUMENTS**

Petitioner was sentenced on April 27, 1990, to a 270-month term of incarceration by the

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

United States District Court for the Middle District of North Carolina for the offense of Bank Robbery and Carry and Use of a Firearm During Bank Robbery. Petitioner is currently incarcerated at FCI Williamsburg, South Carolina, and has a projected release date of May 29, 2009, via Good Conduct Time (GCT) Release. (See Respondent's memorandum and respondent's Exhibit #1, Sentencing Monitoring Computation Date Sheet).

Petitioner filed this petition asserting that he was denied the right of due process to call witnesses in an internal discipline hearing wherein he was found to have committed the prohibited act of stealing. Petitioner also alleges that he was subjected to cruel and unusual punishment because the charges were fraudulent and the BOP used their authority to disrupt the administrative remedy process so he could not get a fair trial. Petitioner requests that the Court overturn the disciplinary action and order the Good Conduct Time (GCT) taken restored. Petitioner also seeks compensation for lost time from his job and for the court to rule the BOP administrative remedy unconstitutional.

Respondent filed a return and a motion to dismiss or in the alternative, motion for summary judgment. As previously stated, both parties presented matters outside of the pleadings so that the undersigned will treat the motion as one for summary judgment.

Respondent argues that the petitioner has failed to exhaust his administrative remedies. Respondent asserts that the petitioner has not presented the issue of the disciplinary hearing for administrative review at all levels of the formal administrative remedy process and, thus, is not ripe for judicial review.

In response, petitioner argues that he followed the proper procedures of the BOP administrative remedy processes and the BOP has fraudulently tried to distort his claims by incorporating wrong dates and remedy numbers of petitioner's appeals. Petitioner argues that all of

his appeals were timely. Petitioner argues in response, as follows, quoted verbatim:

> The respondent requests that petitioner's petition should be dismissed because he has not presented his issues for administrative review at all levels of the informal administrative remedy process. Petitioner asserts that there is an exception to the rule of filing at all levels of the informal administrative remedy process. An exception to filing at all four levels of the process is provided for appeals of actions taken by a Discipline Hearing Officer (DHO), which states, "DHO appeals shall be submitted initially to the Regional Director for the Region where the inmate is currently located." 28 C.R.R. 542.14(d)(2). This exception allows the inmate to by-pass filing an appeal at the institutional level. Petitioner's appeal needs only be reviewed at the Region and Central Office levels. Therefore, petitioner's issues are ripe for judicial review.

(Document #19, p. 3-4).

## II  STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with

3

"specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### III. STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct.

1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in this federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## IV. DISCUSSION

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

As set forth above, respondent argues that the petition should be dismissed because petitioner did not exhaust his administrative remedies before proceeding in federal court. Respondent argues that the failure to exhaust should not be excused. Respondent submitted the affidavit of Roy Lathrop, a Paralegal Specialist for the United States Department of Justice, Federal Bureau of Prisons, South Carolina Consolidated Legal Center. Lathrop attests that he conducted a diligent search of the administrative remedy records maintained at the BOP which revealed that petitioner has not exhausted his BOP administrative remedy process in relation to this appeal of a disciplinary action

5

for the prohibited act of Stealing. In his affidavit, Lathrop discussed each of petitioner's filings and why they were rejected and/or were not timely and attaches some exhibits. (See Document #14-3).

The BOP regulations set forth a three-tiered process for an inmate to seek redress for the alleged deprivation of any right. *See* 28 C.F.R. § 542.10. Administrative exhaustion is required prior to a § 2241 challenge to computation of a sentence and application of credit. Chua Han Mow v. United States, 730 F.2d 1308 (9th Cir. 1984), *cert. denied*, 470 U.S. 1031 (1985). When a federal prisoner fails to exhaust administrative remedies and thereby loses the opportunity to so, his claims will be deemed procedurally defaulted in a § 2241 proceeding. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 762 (3d Cir. 1996). Although 28 U.S.C. § 2241 does not have an express exhaustion requirement, federal courts have held that available remedies must be exhausted in § 2241 cases. *See* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)(exhaustion required under 28 U.S.C. § 2241 ; and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir.1975) (exhaustion required under 28 U.S.C. § 2241). The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10, which was cited in Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986).

The petitioner may informally attempt to resolve the complaint with a staff member. 29 C.F.R. §542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint to the Warden. This complaint must be filed within twenty (20) calender days from the date on which the basis for the complaint occurred. 28 C.F.R. §542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within twenty (20) calender days of the date the Warden signed the response. An inmate who is not satisfied

with the Regional Director's response may submit an appeal to the General Counsel within thirty (30) calender days of the date the Regional Director signed the response. 28 C.F.R. 418 U.S. 539, 557 (1974): 542.15(a).

As petitioner argues in his response, an exception to filing at all four levels of the process is provided for appeals of action taken by a Discipline Hearing Officer (DHO), which states, "DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located." 28 C.F.R. 542,14(d)(2). This exception allows the inmate to by-pass filing an appeal at the institution level. His appeal needs only be reviewed at the Regional and Central Office levels. The petitioner "has no alternative but to comply" with these administrative procedures. Williams v. O'Brien, supra, 792 F.2d at 987. *See also* 28 C.F.R. § 542.10 through § 542.16; and Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court). Smith, supra.

Based on a review of the evidence submitted, petitioner has failed to exhaust his administrative remedies. In September 2006, petitioner filed a Regional Administrative Appeal with the Southeast Regional Director appealing a DHO hearing that took place on August 23, 2006. The appeal was rejected because petitioner had not yet received a copy of the DHO Report which he needed to file with his appeal. (Lathrop's affidavit, petitioner's response). Petitioner was informed that he could resubmit his appeal within 20 days of receipt of the DHO Report. Petitioner received the DHO's disposition report on September 25, 2006. (Petitioner's response). Petitioner resubmitted his Regional Administrative Appeal on October 6, 2006, with the Southeast Regional Director. On October 24, 2006, petitioner was informed by the Regional Director that the DHO was being

7

instructed to conduct a rehearing of his case because of administrative errors contained with the original DHO Report. On November 16, 2006, petitioner filed a Request for Administrative Remedy with the Warden requesting the previously imposed DHO sanctions be found invalid until the rehearing was conducted. On that same date, petitioner was informed by the Warden that his request was being rejected because all appeals of DHO decision and sanctions must be filed at the Regional Office level. On November 27, 2006, subsequent to the rehearing, petitioner filed a Regional Administrative Appeal with the Southeast Regional Director appealing the rehearing which took place on November 21, 2006. This appeal was rejected because petitioner had not received a copy of the amended DHO Report which he needed to file with his appeal. Petitioner was informed he could resubmit his appeal. (See petitioner's exhibit #6). In his response, petitioner attached a copy of a response dated January 30, 2007, from the National Inmate Appeals Administrator which reveals that the rehearing was heard on November 21, 2006, and petitioner was informed that "If you wish to appeal the rehearing decision, you may do so through the submission of a Regional Administrative Remedy Appeal (BP-10) to the Southeast Regional Office." (Petitioner's exhibit #7). Petitioner has not provided any further evidence that he did in fact timely appeal to the Southeast Regional Office.[2]

---

[2] Respondent asserts through the affidavit of Lathrop that on January 9, 2007, petitioner filed a Regional Administrative Appeal with the Southeast Regional Director appealing the DHO rehearing which took place on November 21, 2006, which was rejected by the Southeast Regional Director as untimely.

Respondent further asserts through the affidavit of Lathrop that on March 6, 2007, petitioner once again filed a Regional Administrative Appeal with the Southeast Regional Director appealing the November 21, 2006, DHO hearing. Lathrop attests that this appeal was once again rejected because petitioner's appeal was untimely and he still had not provided any proof the delay was through no fault of his own. On April 9, 2007, petitioner attempted to file a Central Office Administrative Appeal with the BOP's Central Office appealing the November 21, 2006, DHO hearing. This appeal was rejected as untimely and he had not exhausted at the Regional Office level.

Respondent did not submit exhibits to support all of the assertions with regards to dates

It is recommended that respondent's motion for summary judgment be Granted with respect to the exhaustion issue.[3]

---

of appeals and decisions other than the affidavit of Roy Lathrop. However, petitioner still failed to show that he timely appealed the amended hearing decision to the Southeast Regional Office to exhaust his administrative remedies.

[3] In the alternative, the undersigned concludes based on the evidence presented that respondent's motion for summary judgment should be granted in that respondent satisfied the procedure as set out in Wolff v. McDonnell 418 U.S. 539, 557 (1974). In administrative disciplinary hearings, prisoners are entitled to procedural safeguards if loss of good conduct time, or some other liberty interest, is at issue.  The Supreme Court set out the following procedural due process requirements in Wolff v. McDonnell, supra

> 1. The inmate is entitled to a written notice of charges at least twenty-four hours in advance of the hearing to allow for preparation of a defense. Id. at 564.
>
> 2. The inmate is entitled to a written statement by the factfinder as to evidence relied on and reasons for disciplinary action. Id. at 564.
>
> 3. The inmate is entitled to call witnesses and present documentary evidence in defense if doing so is not hazardous to institutional safety or correctional goals. Id. at 566.
>
> 4. The inmate is entitled to have charges decided by fair an impartial tribunal. Id. at 570.

Prison officials are not required to state in the hearing record their reasons for denying inmate witness request; however, at some point, officials are required to state reasons, and they may make this part of the record or present testimony in court. Ponte v. Real, 471 U.S. 491, 496 (1985).

Respondent provided an exhibit revealing that on the notice of the discipline hearing dated July 30, 2006, (the hearing was held on August 23, 2006) it stated that the offense was phone abuse/stealing and petitioner signed the form with the checkmark indicating that he did not wish to call any witnesses. (Respondent's exhibit #4). Respondent also provided the report of the Discipline Hearing Officer dated August 28, 2006, that revealed that petitioner did not request any witnesses at the first hearing.(See Respondent's exhibit #6). Additionally, respondent provide the report of the Discipline Hearing Officer dated November 24, 2006, revealing that petitioner requested to call witnesses at the second hearing but that his request was denied stating the following reasons:"You requested numerous witnesses to listen to the monitored call in UNICOR as you stated the telephone calls were not monitored in UNICOR and it stated they were monitored. However, your request for these witnesses was denied on the basis of the requested witnesses are not witnesses to this incident. Your allegation that these telephone calls

The undersigned finds no valid reason to waive the BOP exhaustion requirement. The BOP needs the opportunity to correct its own alleged error and possibly grant relief to the petitioner, and the BOP needs to develop a factual record and apply its expertise to the situation. *See* Moscato, supra. (explaining the three reasons to require exhaustion), cited with approval by Watkins v. Compton, 126 Fed.Appx. 621 (4th Cir.2005) (unpublished).

## V.  CONCLUSION

Based on the above reasons, petitioner's claim should be dismissed in its entirety for failure to exhaust his administrative remedies. It is, therefore,

Recommended that respondent's motion for summary judgment (document #14) be GRANTED, and  the petition be dismissed without an evidentiary hearing.

                                                                     Respectfully Submitted,

                                                                     s/Thomas E. Rogers, III
                                                                     Thomas E. Rogers, III
                                                                     United States Magistrate Judge

July 15, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

are not monitored is irrelevant as the incident report is based on a telephone call that was monitored through the inmate telephone system." (Respondent;'s exhibit #8). Petitioner has not provided any evidence to refute these exhibits or show that his due process rights were violated.
    Further, a decision in disciplinary proceedings to revoke good conduct time passes scrutiny under the Due Process Clause if there is "some evidence" in the record to support the conclusions. Superintendent v. Hill, 472 U.S. 445, 454 (1985).  In both of the Discipline Hearing Officer's Reports submitted by the respondent, the decision meets the standard of "some evidence"to support the conclusion of guilt and loss of good conduct time. Id.
    The petitioner fails to carry the burden that a genuine issue exists for trial, so summary judgment for the respondent should be granted.